HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAKE WASHINGTON SCHOOL DISTRICT NO. 414, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE SUPERINTENDENT OF PUBLIC INSTRUCTION, an agency of the State of Washington; and WASHINGTON STATE OFFICE OF ADMINISTRATIVE HEARINGS, an agency of the State of Washington,<br><br>Defendants. | Case No. C09-5009RBL<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Plaintiff Lake Washington School District's Motion for a Temporary Restraining Order [Dkt. #2].

Defendants are the Office of the Superintendent of Public Instruction (OSPI) and the Washington State Office of Administrative Hearings (OAH). In an underlying Individuals with Disabilities Education Improvement Act (IDEA) case, S.G.'parents (S.G. and A.G.) filed a complaint with OSPI and OAH, seeking free and appropriate special education services for him. Accordingly, they sought to have an impartial due process hearing pursuant to IDEA. *See* 20 U.S.C. §1400 *et seq*.

Under Washington State law, such hearings are conducted by the OSPI through Administrative Law Judges (ALJs). RCW 28A.155.090; WAC 392-172A-05095. State and federal regulations governing such hearings provide for a 30 day period for resolution of the initial compliant. If the parties cannot resolve the issue, the due process hearing is to be held within 45 days of the expiration of the 30 day

ORDER
Page - 1

resolution period. *See* WAC 392-172A-05115; 34 CFR §300.515(a). As the Plaintiff points out in its memorandum [Dkt. #3], these regulations also permit the ALJ to grant "specific extensions of this time period, at the request of either party." Such extensions are to be granted for "good cause."

According to the Plaintiff, on December 31, 2008, the parents' attorney sought an extension of the 45 day period, to accommodate two vacations, two unrelated trials, and trial preparations. The ALJ granted this request, and S.G.'s IDEA due process hearing is currently scheduled for May 18, 2009.

The Plaintiff school district seeks to prohibit the ALJ from granting the parents' attorney's request, arguing that such extensions have become the "rule rather than the exception," and that the Plaintiff school district will suffer prejudice[1] if the hearing is not held within 45 days. It asks this court to enjoin the application of the extension and to force the ALJ (and the non-parties, S.G., S.G., and A.G.) to prepare for and attend the hearing so re-scheduled.

The non-party parents have moved to Intervene [ Dkt. #8], based on their claim that their interests are at stake and are not likely to be protected by the current parties. They also claim that a TRO requiring an earlier hearing date (one at which their attorney may not be present, and/or for which she will be unprepared) will prejudice *their* rights. S.G. and A.G.'s Motion to Intervene [Dkt. #8] is GRANTED.

The Plaintiff's Motion for a Temporary Restraining Order is DENIED, for two reasons. First, it is not clear that this Court has the authority to hear what is essentially an interlocutory appeal of a scheduling Order issued by the ALJ, and to overturn his determination as to the showing made by the non- party parents as to "good cause" for a relatively short delay in scheduling the due process hearing.

Secondly, and in any event, even if the Court is authorized to do so, it is not convinced that it should do so in this case[2]. The "prejudice" to the Plaintiff school district, such as it is, was admittedly

---

[1] Plaintiff argues that it will suffer increased exposure to liability if the hearing is delayed. This argument goes to the amount of damages, if any, and can be remedied by the ALJ. Plaintiff argues that its settlement offer was based on an earlier hearing date, and that delay prejudices its ability to "rely on a quick and speedy resolution process to ensure with legal mandates and to provide appropriate services to its students." *See* Petition, Dkt. #1, and p. 4-5. Plaintiff also argues that pre-hearing litigation costs will necessarily increase if the pre-hearing period is lengthened. These categories of alleged "prejudice" do not support the claim that a 45 day hearing period (but not an approximately 120 day period) will protect the Plaintiff school district's interests, and do not in any event overcome the prejudice alleged and demonstrated by the non-party parents.

[2] The Plaintiff appears to seek an Order from this Court requiring ALJs in future IDEA due process hearings to refrain from granting extensions of the 45 day period, notwithstanding the "good cause" standard existing under federal and state regulations. This request is well beyond the scope of this Court's authority in this case.

ORDER
Page - 2

argued to the ALJ, when the school district opposed the parents' request for an extension. The showing of prejudice there, and repeated here, is vague and remediable. It does not outweigh the prejudice claimed and demonstrated by the non-party parents in revoking a "good cause" continuance and rescheduling the hearing date to a date when their attorney is unavailable and/or unprepared.

Under these circumstances, the Plaintiff's Motion does not meet the standards of Fed. R. Civ. P 65, and the Plaintiff's Motion for a TRO [Dkt. # 2] is DENIED.

IT IS SO ORDERED.

Dated this 16th day of January, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE