HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAKE WASHINGTON SCHOOL DISTRICT NO. 414, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF SUPERINTENDENT OF PUBLIC INSTRUCTION, an agency of the State of Washington; and WASHINGTON STATE OFFICE OF ADMINISTRATIVE HEARINGS, an agency of the State of Washington,<br><br>Defendant,<br><br>and<br><br>S.G. and A.G., on behalf of their minor son S.G.,<br><br>Intervenors. | Case No. C09-5009 RBL<br><br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

This matter is before the Court on Defendants' Office of Superintendent of Public Instruction and

Office of Administrative Hearings Motions to Dismiss [Dkt. # 14, 15] by Defendants . The plaintiff, Lake

ORDER
Page - 1

Washington School District, sued Defendants seeking injunctive and declaratory relief. S.G. and A.G., on behalf of their minor son, S.G, intervened and join in the Motion to Dismiss. For the reasons set forth below, this motion is GRANTED.

**I. Introduction**

This action centers on whether this Court may grant injunctive and declaratory relief to Plaintiff Lake Washington School District ("District"). The District alleges that Defendants Office of Superintendent of Public Instruction ("OSPI") and Office of Administrative Hearings ("OAH") routinely grant continuances of special education due process hearings without a showing of good cause. The District asserts that OSPI's lack of procedures to ensure that good cause is present violates state and federal regulations as well as the Individuals with Disabilities Education Act ("IDEA").

**A. Parties and Procedural History**

The OSPI is responsible for conducting IDEA due process hearings in Washington. RCW 28A.155.090; WAC 392-172A-05095. OSPI has delegated this responsibility to OAH. WAC 392-101-010(2). Parties to an IDEA due process proceeding have 30 days to resolve their dispute informally. If the parties have not resolved their dispute at the end of the 30-day resolution period, the hearing officer has a 45-day period in which to reach a final decision on the hearing. 34 C.F.R. § 300.515(a). At the request of a party, a hearing officer may grant specific extensions of time beyond this 45-day period. 34 C.F.R. § 300.515(c).

Pursuant to the IDEA, S.G. and A.G. ("Parents") filed a request for a due process hearing with OAH on behalf of their child, S.G., in November 2008. Shortly thereafter, the District filed its own request for a due process hearing, seeking a determination that its evaluation of S.G. was appropriate under the IDEA. The assigned administrative law judge ("ALJ") consolidated the two cases and scheduled a hearing on January 14, 2009. [Dkt. # 13].

The District alleges that at a prehearing conference on December 21, 2008, Parents' attorney requested an extension because she would be unavailable until May 2009. [Dkt. # 13 ¶ 4.3]. The District objected to the request on grounds that such an extension would go well beyond the statutory 45-day period. Nevertheless, the ALJ granted the request, and the hearing was scheduled to begin in May 2009.

The District commenced this action in January 2009, seeking, among other relief, a temporary restraining order to force the OAH to withdraw the extension and to proceed with the state administrative hearing within the original 45-day period. [Dkt. #1]. The Parents moved to intervene [Dkt. #8]. The court granted the Parents' motion to intervene and denied the District's motion for a TRO. [Dkt. # 9]. The court then issued a minute order, notifying the District that the case would be dismissed if the District did not advise the court that it was seeking other relief. [Dkt. #10]. The District then amended its complaint, seeking a declaratory judgment that OAH's practice of granting continuances without a showing of good cause is illegal, and also seeking a permanent injunction against the allegedly routine practice in all future IDEA hearings.

## B. The District's Contentions

The District asserts that this Court has "federal question" jurisdiction under 28 U.S.C. § 1331, [Dkt. # 13 at 1], as well as the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. [Dkt. # 17 at 8]. The District suggests that the action arises under the IDEA. In its brief opposing the Defendants' Motion to Dismiss, the District seems to have recanted its previous position that the IDEA explicitly requires proof of good cause as a predicate to granting time extensions in due process hearings. [Dkt. # 17 at 10]. Instead, the District cites *state* regulations that govern administrative proceedings and require good cause. [Dkt. # 17 at 10] (citing WAC 10-08-090)). The District argues that such proof requires procedural protections including written motions, sworn affidavits, and notice. The District intimates that the ALJ granted the extension "just because [the lawyer] asked," and that asking, without more, is not enough. *Id.*

Not only did the ALJ allegedly grant the extension upon a bare oral request, but according to the District, the ALJ cited the state good cause provision as support for his decision. Because the ALJ "*purported* to apply" (emphasis in original) this standard under *state* regulations, without *actually* requiring proof of good cause, the District argues the ALJ thereby violated the federal IDEA. *Id.*

Alternatively, the District seems to suggest that the IDEA creates a right to a timely hearing, and therefore this Court should infer an implied good cause requirement as a prerequisite to an extension. As authority for this proposition, the District quotes part of one sentence from the Federal Register. In this sentence, the Department of Education noted that hearing officer determinations must be "made in a manner that is consistent with a parent's or a public agency's right to a timely due process hearing." [Dkt. # 17 at 8 (citing 71 FR 46074)]. The passage from which the District excerpted this sentence provides context:

> we believe that States should have considerable latitude in determining appropriate procedural rules for due process hearings as long as they are not inconsistent with the basic elements of due process hearings and rights of the parties set out in the Act and these regulations. The specific application of those procedures to particular cases generally should be left to the discretion of hearing officers who have the knowledge and ability to conduct hearings in accordance with standard legal practice.

71 FR 46074. The District does not argue that the Parents' attorney did not in fact have good cause. It instead argues that its alleged right to a speedy resolution is not protected unless ALJs require good cause showings before granting extensions.

The District alleges various harms resulting from these time extensions, many of which are suffered by other parties. The amended complaint alludes to the "public interest." In opposing the Motion to Dismiss, the District points to harms allegedly suffered by the students whose individualized education plans are at issue when due process hearings linger on, as well as harms allegedly suffered by taxpayers, who may ultimately bear the burden of increased litigation. Further, the District claims that

other students may suffer if funds intended for education are diverted and spent instead on prolonged special education litigation.

The District also identifies harms that it, in particular, suffers. The injuries cited include "prolonged uncertainty" over whether its educational programs are appropriate, increased litigation costs, and increased time that personnel must spend attending to the litigation which would otherwise be used to educate students. [Dkt. # 17 at 12, 16]. The District also claims that time extensions frustrate its settlement process and curtail its alleged right to due process hearings that proceed apace. [Dkt. # 17 at 15].

## II. Discussion

In pertinent respects, the complaint and motions the District has filed with this Court read like a law school issue-spotting exam given in a federal jurisdiction course. The motion to dismiss is granted because Plaintiff lacks Article III standing, and the Court lacks subject matter jurisdiction. Further, even assuming jurisdiction and standing, Plaintiff has an adequate remedy at law to redress his injury, rendering injunctive relief inappropriate.

### A. Constitutional Standing

The District alleges that it has standing to bring this action, while OAH and OSPI claim that the District lacks constitutional standing. To have standing to bring suit, a plaintiff must "allege personal injury that is fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

The personal injury suffered must be an "injury in fact" involving the invasion of a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Further, the injury must be concrete and particularized, as well as "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

The District's reliance on harm allegedly suffered by the student involved in the dispute and taxpayers at large is misplaced, because those are not the District's personal injuries. And the injuries the District does allege it faces are merely hypothetical. The District's assertion that postponing a hearing raises litigation costs and diverts personnel time away from its primary mission is pure conjecture. And the "prolonged uncertainty" the District may face when a hearing date is extended is not concrete without some showing that this "uncertainty" causes some further injury. *See Friends of the Earth v. Laidlaw*, 528 U.S. 167 (2000).

Even if the District suffered an injury in fact, it has not linked the Defendant's allegedly unlawful extensions with any harm suffered. To show causation, the District would have to establish that "but for" the failure of the ALJ to require a written request for an extension as well as advanced notice and sworn affidavits supporting good cause, the District would not have suffered its harm. Because the District has failed to allege that an extension would not have been granted if the procedures it demands were followed, it has not established causation. And since the District has not alleged that OAH would grant fewer continuances if the procedural protections it seeks were available, the District has not established redressability. The District has failed to establish the traditional requirements for standing.

The invasion of a statutory right can suffice to show injury in fact even when traditional standing requirements would not otherwise be met. *See Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205 (1972). The District alleges that its statutory rights were invaded when OAH failed to require proof of good cause before granting an extension. If the District's argument that OAH's failure to do so was unlawful is correct, the District would indeed have standing. The District's argument to this effect is unavailing, however, because parties to IDEA disputes have no explicit right under any applicable statute or regulation to rigorous proof of good cause. The District cites WAC 10-08-090, a regulation that requires a party to show good cause before an extension of time may be granted– a regulation that, if applicable, supports the District's position. Unfortunately for the District, this regulation does not apply

at all to special education due process hearings.  Instead, the regulation is part of the model rules of procedure that the OAH is generally bound to use unless an agency adopts a different procedural rule.  WAC 10-08-001.  OSPI did exactly that with respect to IDEA hearings and adopted a rule permitting an ALJ to grant "specific extensions of time… at the request of either party." WAC 392-172A-05110(2).  This provision closely mirrors the federal regulation, which also does not require a good cause showing.  34 C.F.R. § 300.515(c).  In short, there is no explicit statutory or regulatory right to the good cause procedures the District wants.

The District argues in the alternative that there is an *implicit* right under the IDEA to a good cause showing before an extension of the 45-day period may be granted.   The Act allows educational agencies to recover attorney's fees from parents or the parents' attorney whenever they "cause unnecessary delay, or needlessly increase the cost of litigation," 20 U.S.C. § 1415 (i)(3)(B)(i)(III), and courts have equitable discretion to reduce awards if  parties unnecessarily prolong litigation to gain advantage, 20 U.S.C. § 1415(i)(2)(C)(iii) ("[the court] shall grant such relief as [it] determines is appropriate").  It is unlikely that Congress would provide such comprehensive remedies for injuries resulting from unnecessary delay while intending an implied set of prophylactic procedures to safeguard against such delay.  The more likely scenario is that Congress intended that parents of children with disabilities, many of whom proceed *pro se* and have a variety of good-faith and compelling reasons to extend the timelines for hearing, should be able to do so without jumping through unnecessary procedural hoops.  And if such an extension *was* granted without good cause, the Act gives the opposing party a way to remedy any resultant injuries.

The infinitesimal possibility that the particular procedures the District desires are implied in the IDEA, however, remains.  If the IDEA does provide these procedures, the District would have standing.  Assuming without deciding that the IDEA *does* imply such procedures, however, the suit still fails for lack of jurisdiction.

## B. Subject Matter Jurisdiction

The District asserts that the Court has jurisdiction under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the "arising under" statute, 28 U.S.C. § 1331.

The District errs in its claim that the Court has jurisdiction under § 2201. It is well established that § 2201 does not itself create jurisdiction, but merely creates an additional remedy when jurisdiction is already proper. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 17-18 (1983) (citing *Skelly Oil Co. V. Phillips Petroleum Co.*, 339 U.S. 667 (1950)). Jurisdiction in declaratory judgment cases is only proper when coercive action on the same facts would come within the court's jurisdiction on some other grounds.

The District's other jurisdictional ground, § 1331, is not available because the suit does not "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The suit does not "arise" under the IDEA, because the IDEA does not create the District's cause of action and the District does not need to plead or prove the existence of a proposition of federal law as part of his well-pleaded complaint.

The IDEA creates a cause of action with respect "to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," 20 U.S.C. §1415(b)(6), and either the educational agency or the parents of the child may file a complaint and resolve their dispute through an administrative hearing. After administrative appeals, if any are available, have been exhausted, "any party aggrieved by the findings and decision made… shall have the right to bring a civil action *with respect to the complaint presented pursuant to this section*…" in district court without regard to amount in controversy, and the Act grants jurisdiction. 20 U.S.C. § 1415(i)(2)(A). This jurisdictional provision, however, does not apply here. Plaintiff is not aggrieved by the decision made by the ALJ, for the simple reason that the ALJ has not yet rendered his

final decision. The IDEA does not permit a plaintiff, allegedly aggrieved by a pre-hearing order, to file a complaint in federal court while administrative proceedings are still pending and seek the functional equivalent of an interlocutory appeal.

Even if the IDEA was silent about when a plaintiff could bring suit, this Court would be powerless to grant the extraordinary relief the District seeks. The District requests that OAH be enjoined from granting extensions without procedures to prove good cause. Equitable principles counsel against issuing an injunction whenever the plaintiff has an adequate remedy at law and will not suffer irreparable harm. *E.g.*, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (citation and internal quotation omitted). Because the District can recoup any lost costs, including attorney fees, resulting from unnecessary delays, it has an adequate remedy at law.

### III. Conclusion

The complaint must be dismissed for lack of jurisdiction; however, even if jurisdiction were proper, it is likely the plaintiff lacks standing. Defendant's Motion to Dismiss [Dkt. # 15] is GRANTED and Plaintiff's complaint is DISMISSED with prejudice.

Dated this 8TH day of April, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE